IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
DENISE GOBLE,                                          : CASE NO. 1: 07 CV 00797
                                                       :
                              Plaintiff,               :
                                                       : MEMORANDUM AND ORDER
             -vs-                                      : GRANTING PLAINTIFF'S MOTION TO
                                                       : REMAND
                                                       :
CITY OF BRUNSWICK,                                     :
                                                       :
                              Defendant.               :
------------------------------------------------------ :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Plaintiff Denise Goble ("Ms. Goble"), a former firefighter for the City of Brunswick, brought this employment action in Medina County Court of Common Pleas against the City of Brunswick ("the City") alleging violations of 42 U.S.C. § 1983 (First and Fifth Amendments to the U.S. Constitution), Ohio Revised Code § 4112.99 (sex discrimination), and public policy (retaliatory action arising under the State of Ohio's workers' compensation laws). (Doc. 1, Complaint, ¶¶ 24-32, ¶¶ 33-36, ¶¶ 37-42). Specifically, Ms. Goble avers that as a result of her providing affidavit evidence against the City in a union grievance when she was denied a promotion, she experienced unchecked harassment. Further, she claims that, on the basis of her affidavit evidence and a workers' compensation claim, she experienced retaliatory animus and was placed on involuntary disability status ("IDS").

On 18 March 2007 the City removed the action to this Court premised on Ms. Goble's Section 1983 federal question claim. See 28 U.S.C. § 1441(b) & (c). Ms.

Goble filed a timely motion to remand (Doc. 3), against which the City filed an opposition (Doc. 5), and the plaintiff replied.  (Doc. 6).

The gravamen of Ms. Goble's remand pleading rests on the argument that her third claim of retaliatory action is so integrally related to her workers' compensation claim as to render removal improper under 28 U.S.C. § 1445(c).  Section 1445(c) states that "[a] civil action in any State court arising under the workmen's [sic] compensation laws of such State may not be removed to any district court of the United States."  The City does not address the 28 U.S.C. § 1445(c) issue but maintains the Court has removal jurisdiction by virtue of the federal question embodied in Ms. Goble's Section 1983 claim as read through 28 U.S.C. §§ 1441(b) and (c).

For the reasons stated below, the Court finds Ms. Goble's action "arises under" Ohio's workers' compensation laws within the meaning of 28 U.S.C. § 1445(c) and remands the case to the Medina County Court of Common Pleas.

In her Complaint, the plaintiff avers she was placed on IDS after she pursued workers' compensation benefits for an earlier injury involving City Fire Department training on the "jaws of life".  (Complaint, ¶¶ 18-23).  Ms. Goble maintains the City improperly re-categorized her medical condition while she was receiving temporary total disability benefits in retaliation for her pursuit of workers' compensation benefits.  (Complaint, ¶¶ 23, 38, 39, 40).  In her third cause of action she invokes "[t]he law of the state of Ohio, as embodied in its constitution, its various statutes, and its administrative regulations" which "prohibit[ ] retaliatory behavior, i.e., retaliation by an employer toward an employee on the basis of a Workers [sic] Compensation claim" (Complaint, ¶ 38).

2

By invoking Ohio state statutes and regulations, an essential element of Ms. Goble's third claim is the right and remedy established in O.R.C. § 4123.90 making it unlawful to retaliate against an employee who files a workers' compensation claim. See Greeley v. Miami Valley Maintenance Contractors, Inc., 551 N.E. 2d 981, 986 (Ohio 1990) (recognizing wrongful discharge and a public policy exception to at-will employment only after the statutory creation of a cause of action for retaliatory discharge embodied in O.R.C. 4123.90). Further, resolution of Ms. Goble's third claim directly involves the application of Ohio's statutory scheme for workers' compensation benefits where she alleges the City's activity was to unilaterally discontinue her benefits through a notice of involuntary disability separation in the face of contrary medical evidence. (Complaint, ¶ 21).

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A civil action founded on a claim based on a federal statute may be removed regardless of the citizenship of the parties. Id. § 1441(b). Whenever a "separate and independent" federal claim is joined with "one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." Id. § 1441(c). However, "[a] civil action in any State court arising under the workmen's [sic] compensation laws of such State may not be removed to any district court of the United States." Id. § 1445(c).

On its face, 28 U.S.C. § 1445(c) renders nonremovable suits which "arise under" the workers' compensation laws of the state in which the federal court sits. The statute

3

reflects a congressional concern for the states' interest in administering their own workers' compensation laws, the burdens on injured claimants of maintaining a federal court suit, and the incidence of federal court congestion. See generally Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 350, 81 S.Ct. 1570, 1571-72, 6 L.Ed.2d 890 (1961) (explaining purpose of limitation on removal); 14A Charles A. Wright et al., Federal Practice & Procedure § 3729 (listing cases). Federal law governs the construction of removal statutes. See Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 705, 92 S.Ct. 1344, 1349, 31 L.Ed.2d 612, 619 (1972). Because Congress intended that all cases arising under a state's workers' compensation laws remain in state court, this Court will read 28 U.S.C. § 1445(c) broadly to further that purpose.

If 28 U.S.C. § 1445(c) applies, a case is nonremovable whether it presents a federal question or there is diversity. Spearman v. Exxon Coal USA, Inc., 16 F.3d 722 (7th Cir.) cert. denied, 513 U.S. 955, 115 S.Ct. 377, 130 L.Ed.2d 328 (1994)) (observing that "[e]ven a case containing a federal claim may not be removed if it also arises under state workers' compensation law"); Jones v. Roadway Express, Inc., 931 F.2d 1086, 1091 (5th Cir. 1991) (same as to diversity).

In determining whether a civil action "arises under" a state's workers' compensation laws for the purposes of 28 U.S.C. § 1445(c) jurisdiction, the Sixth Circuit has held:

> A civil action arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law.

Harper v. AutoAlliance Int'l. Inc., 392 F.3d 195, 203 (6th Cir. 2004) (interpreting the

4

Michigan workers' compensation statute).  Unlike the Michigan's workers' compensation statute interpreted in Harper, the Ohio workers' compensation statute was promulgated prior to recognition by the Ohio courts of a common law tort of wrongful discharge.  See Greeley v Miami, 551 N.E. 2d at 986.  As such, a claim for retaliatory discharge against an employee who files a workers' compensation claim arises under the compensation laws of Ohio and thus, falls within the ambit of 28 U.S.C. § 1445(c) restricting removability.

In Hafner v. Cowan Sys. LLC., a Court for the Southern District of Ohio found the plaintiff's retaliatory discharge claim arose under Ohio's workers' compensation laws because the Ohio code prohibited retaliatory actions.  Hafner v. Cowan Sys. LLC. No. 1:04 CV 629, 2005 WL 1417104 (S.D. Ohio June 16, 2005).  The Hafner decision specifically found the plaintiff's claim of retaliatory discharge under ORC § 4123.90, breach of contract, disparate treatment, and violation of Ohio public policy arose under Ohio's workers' compensation statute because, relying on Harper, the statute provided a right and a remedy in situations of retaliatory discharge.  Recently, in Horn v. Kmart Corporation, a Court in the Southern District of Ohio remanded a claim for retaliatory discharge arising under Ohio's workers' compensation laws because the statute created the cause of action.  Horn v. Kmart Corporation, 1:06 CV 493, 2007 WL 1138473 (S.D. Ohio April 16, 2007) (relying on the first element of Harper to remand entire action to state court).  Finally, in Hines v. Marriott International, Inc., a court in the Northern District of Ohio remanded a claim alleging termination of payments in retaliation for the claimant's earlier administrative workers' compensation claim.  Hines v. Marriott International, Inc., 246 F. Supp. 2d 815 (N.D. Ohio 2002).  The Court in Hines

5

recognized, as in this instance, that the alleged retaliatory activity of discontinuing benefits was "too integrally related to her worker's [sic] compensation claims to be deemed 'independent' of the state statutory scheme governing such claims." Id. At 819.

Applying these principles to the present case, the Court finds Ms. Goble's action in state court "arises under" Ohio's workers' compensation laws. The right established by O.R.C. § 4123.90 is an essential element of Ms. Goble's claim and the success of the claim will depend upon how O.R.C. § 4123.90 is construed. In reaching this conclusion, the Court holds that the plaintiff's retaliation claim "arises under" the Ohio workers' compensation laws for purposes of applying 28 U.S.C. § 1445(c) where the claim invokes statutory authority.

For the foregoing reasons, Ms. Goble's motion to remand is granted and this action is returned to the Medina County Court of Common Pleas. The Clerk shall mail a certified copy of this Order to the Clerk of the Medina County Court of Common Pleas, in accordance with 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.

                                                /s/Lesley Wells
                                     UNITED STATES DISTRICT JUDGE